UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| SHIRLEY HENKE ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 4:06-CV-00059 (JCH) |
| ) | |
| CASEY'S MARKETING COMPANY, ) | |
| d/b/a CASEY'S. ) | |
| ) | |
| Defendant. ) | |

## ORDER

This Matter is before the Court on Plaintiff's Motion to Remand (Doc. No. 6, 8)[1], filed October 13, 2006. The matter is fully briefed and ready for disposition.[2]

## DISCUSSION

By way of background, Plaintiff, a resident of Missouri, originally brought this action in the Circuit Court of Montgomery County, Missouri. (Notice of Removal, Doc. No. 1). In this action, Plaintiff alleges that Defendant negligently maintained its convenience store and as a result, she sustained injuries when she slipped and fell on its premises. (Id. at ¶ 6-11). Defendant is a multi-state retailer of gas and other merchandise that operates over 1390 stores throughout nine Midwestern states. (Def.'s Memo. in Opposition, Doc. No. 9 Ex. A). Defendant is incorporated under the laws

---

[1] Plaintiff originally filed his Motion for Remand as an Objection to Removal (Doc. No. 6). The Motion was renamed in Doc. No. 8.

[2] Defendant argues that the Court should not even consider Plaintiff's motion because it was procedurally defective under the Local Rules. The Court will rule on this motion because it furthers the interest of judicial economy.

1

of the state of Iowa. (Notice of Removal, Doc. No. 1 Ex. A ¶ 2). Its headquarters, board of directors, and distribution center are located in Iowa. (Id. at pg. 3).

Diversity jurisdiction[3] exists when there is an amount in controversy greater than $75,000[4] and there is complete diversity of citizenship. 28 U.S.C. § 1332(a). Complete diversity of citizenship exists where no defendant "holds citizenship in a state where plaintiff holds citizenship." Capitol Indem. Corp. v. Russellville Steel Co., Inc., 367 F.3d 831, 834 (8th Cir. 2004). For diversity jurisdiction purposes, a corporation may be a citizen of two states. 28 U.S.C. § 1332(c)(1). A corporation is the citizen of the state where it is incorporated and where it has its principal place of business. Id. There are three different tests for determining what where a principal place of business is located. First, the "nerve center" test considers the principal place of business to be the location of corporate decision makers and the location of overall control. Capitol Indem. Corp., 367 F.3d at 835-36. Second, the "corporate activities" test considers the principal place of business to be the "location of the corporation's production and service activities." Id. at 836. The Eight Circuit, however, has adopted the "total activities test," which is a hybrid of the other two tests. Id. This test recognizes "that the nature of the corporate activity will impact the relative importance of production activities, service activities, and corporate decision making." Id.

The Court finds that Defendant is a citizen of Iowa for determining diversity citizenship. First, both sides aver that Defendant is incorporated in Iowa. Second, Iowa is clearly its principal place of business. Defendant has its headquarters there. Its board of directors resides there. It main distribution

---

[3] Federal courts also have jurisdiction under 28 U.S.C. § 1331 for federal questions. No federal question exists here.

[4] This requirement is satisfied as Plaintiffs have alleged an amount in controversy of over $75,000. (Notice of Removal, Doc. 1, Ex. A ¶ 12).

2

center is located there as well. Furthermore, its 1390 stores are spread out over nine states, meaning that its corporate activities are not concentrated in any one state. See Associated Petroleum Producers, Inc. v. Treco 3 River Energy Corp., 692 F. Supp. 1070, 1074 (E.D. Mo. 1988) (explaining that if no one state is clearly the center of corporate activity or accounts for a majority of income, more importance should be put on location of headquarters and corporate policy making). Finally, Defendant's presence in Missouri does not destroy diversity jurisdiction. See Smith v. Ashland, Inc., 250 F.3d 1167, 1172 (8th Cir. 2001). Accordingly, complete diversity exists, and the Plaintiff's motion to remand will be denied.

## **CONCLUSION**

**IT IS HEREBY ORDERED** that Plaintiff's Motion to Remand (Doc. No. 6, 8) is **DENIED**.

Dated this 6th day of November, 2006.

/s/ Jean C. Hamilton  
UNITED STATES DISTRICT JUDGE